UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

OMAR WILSON,

                             Plaintiff,

                    -against-

THE CITY OF NEW YORK, et al.,

                          Defendants.

:
:
:
:
:
:
:
:
:
:
:
X

**OPINION**

03 Civ. 2495 (RLC)

APPEARANCES

Richard A. Ashman
Michelstein & Greenburg, L.L.P.
545 Madison Avenue
New York , NY 10022
*Attorney for Plaintiff*

Steven D. Michelstein
Michelstein & Greenberg, LLP
545 Madison Avenue
4th Floor
New York , NY 10022
*Attorney for Plaintiff*

Irene Greenberg
Michelstein & Greenberg, LLP
545 Madison Avenue
4th Floor
New York , NY 10022
*Attorney for Plaintiff*

Alison Elaine Gugel
Jacobs deBrauwere LLP
445 Park Avenue
New York , NY 10022
*Attorney for Defendants*

Prathyusha Bandi Reddy
NYC Law Department, Office of the Corporation Counsel
100 Church Street
New York , NY 10007
*Attorney for Defendants*

John William Burns
Worth, Longworth & London, LLP
111 John Street, Suite 640
New York , NY 10038
*Attorney for Defendants*

**ROBERT L. CARTER, District Judge**

Plaintiff Omar Wilson ("Wilson") brought this action against the City of New York ("City"), Police Officer Elliot Campbell ("Campbell"), and Police Officers identified as "John Does" # 2-4 (collectively, "Defendants").  On August 31, 2006, the court granted in part and denied in part Defendants' motion to dismiss and granted Plaintiff's cross-motion to amend the complaint.  Defendants now move for relief from that judgment, pursuant to Rule 60(b), Fed. R. Civ. P.  For the reasons that follow, the motion to set aside the August 31, 2006, judgment is **DENIED.**

## BACKGROUND

Wilson alleged that on January 13, 2002, New York Police Department officers detained, handcuffed and beat him.  Wilson suffered injuries that included cheekbone fractures and a broken jaw.  He filed suit on April 9, 2003.  He alleged multiple tort claims under New York law, including false arrest, malicious prosecution, assault, battery, false imprisonment, and intentional infliction of emotional distress; a federal claim of civil rights violations under 42 U.S.C. § 1983; and a theory of municipal liability on the part of the City.  Defendants filed a motion to dismiss on March 23, 2006, arguing that, *inter alia*, Wilson's federal claims should be dismissed because he failed to substitute the individual defendants he designated as "John Doe" police officers with actual names before the expiration of the statute of limitations.  On May 12, 2006, Wilson opposed the motion and cross moved for leave to amend his complaint.  Wilson attributed his inability to identify the "John Doe" officers to Defendants' failure to respond to his discovery demands.

On August 31, 2006, the court granted in part and denied in part Defendants' motion to dismiss and granted Wilson's motion to amend the complaint. The court found, *inter alia,* that Wilson had made diligent efforts to determine the identities of the "John Doe" defendants, and had not been negligent in failing to develop other leads that would have uncovered the police officers' identities. As such, the applicable tolling provisions saved his case from being untimely. See Wilson v. City of New York, No. 03 Civ. 2495 (RLC), 2006 WL 2528468, at *3 (S.D.N.Y. Aug. 31, 2006).

On January 11, 2008, Defendants filed the instant motion. They argue that Wilson perpetrated a fraud upon the court when he represented that his failure to comply with the statute of limitations was the direct result of the City's failure to identify Police Officer Elliot Campbell, the officer Wilson alleges assaulted him. Defendants argue that they realized during the course of discovery that, contrary to his representations, Wilson was aware of Campbell's identity long before the expiration of the limitations period. In support of their argument Defendants proffer an April 8, 2003, letter from the Civilian Complaint Review Board ("CCRB") identifying Campbell as one of the officers alleged to have used force on Wilson. Defendants also proffer transcripts from November 2, 2003, and February 25, 2004, disciplinary hearings against Campbell, which Wilson and his attorney attended. During those hearings Campbell was identified by name, and referred to as Wilson's arresting officer and as the officer alleged to have used force against him. Finally, Defendants argue that the requisite information was available on Wilson's arrest paperwork and on the criminal complaint papers, all of which were available to him at the outset of this controversy. Accordingly, Defendants argue, since Wilson had information sufficient to identify and duly serve Campbell well before the

expiration of the limitations period, Wilson defrauded the court when he insisted that the City's failure to respond to his discovery demands caused him to delay amending his complaint.

Under Rule 60(b) "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . (3) fraud . . . , misrepresentation, or other misconduct of an adverse party . . . or . . . set aside a judgment for fraud upon the court . . . or (6) any other reason justifying relief from the operation of the judgment." Motions for relief from judgment pursuant to 60(b) alleging fraud under subsection (3) may not support a motion filed more than a year after judgment. See Fed. R. Civ. P. 60(b)(3). The one year statute of limitations for Rule 60(b)(3) motions is absolute, Warren v. Garvin, 219 F.3d 111, 114 (2d Cir. 2000), so Defendants' delay in filing for more than sixteen months is fatal.

Since the claim being asserted is one for fraud against the court, it also falls under Rule 60(b). See State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 176 (2d Cir. 2004). "[T]he type of fraud necessary to sustain an independent action attacking the finality of a judgment is narrower in scope than that which is sufficient for relief by timely motion." Gleason v. Jandrucko, 860 F.2d 556, 558 (2d Cir. 1988). "Fraud upon the court should embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." King v. First American Investigations, Inc., 287 F.3d 91, 95 (2d Cir. 2002) (quoting Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1325 (2d Cir. 1995)) (internal quotation marks omitted). "Fraud upon the court must be established by clear and

convincing evidence." Id. (citing Madonna v. United States, 878 F.2d 62, 65 (2d Cir. 1989)).

There is no evidence that Plaintiff's representations to the court were inconsistent with the facts.  Wilson never argued that he lacked all of Campbell's identifying information, only that he lacked enough information to amend the complaint and duly serve Campbell before the limitations period expired.  Plaintiff argues that the data he gleaned from the CCRB letter and the disciplinary hearings ultimately yielded nine potentially relevant homonymous individuals, therefore without the information he sought from the City – in specific, a badge number, middle initial, county of residence and approximate age —   he was helpless to properly amend the Summons and Complaint to name the correct Elliot Campbell.  Plaintiff argues that it was not until September 2007, when the City became responsive, that he was able to ascertain the personal information necessary to identify the correct individual, amend the complaint, and effectuate proper service.

Defendants' evidence to the contrary is insufficient to carry their burden.  While they argue that the requisite information was available on Wilson's arrest paperwork and on the criminal complaint papers, Defendants do not incorporate those documents into the record, so the court cannot evaluate them.  And the CCRB letter and disciplinary proceeding transcripts convey Campbell's first and last name, nothing more.  This is less than clear and convincing evidence that Wilson perpetrated a fraud when he argued that he had insufficient information to timely amend his complaint to identify Campbell.

## CONCLUSION

Defendants' Rule 60(b) motions are denied in their entirety.

**IT IS SO ORDERED.**

DATED:      New York, New York
            November 2, 2009

_____
Robert L. Carter
United States District Judge

7